IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JORGE MIGUEL JUAN, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CAUSE NO. EP-26-CV-454-KC |
| § | |
| PAMELA BONDI et al., § | |
| § | |
| Respondents. § | |

## ORDER

On this day, the Court considered the case. Juan filed a Petition for a Writ of Habeas Corpus, ECF No. 1, arguing that his immigration detention is unlawful on constitutional grounds. The Court ordered Respondents to show cause. Feb. 18, 2026, Order 2, ECF No. 2. In their Response, ECF No. 3, Respondents stated that Juan received a bond hearing before an immigration judge and that bond was denied due to flight risk on September 5, 2025. The Court ordered Juan to file a reply addressing the significance of the September 5 bond hearing. Feb. 27, 2026, Order, ECF No. 4.

Juan now argues that "whatever occurred on September 5, 2025, did not constitute a constitutionally adequate individualized custody determination" because there is "no evidence it meaningfully occurred." Reply 2, ECF No. 5. In support, Juan raises various recordkeeping deficiencies. *Id.* at 3–5. Most notably, the hearing recording system does not list a September 5 hearing, and "[i]t is not listed as a hearing with a missing or corrupted recording"—instead "[i]t is simply absent." *Id.* at 4. Thus, Juan argues he "has never received a constitutionally adequate individualized custody determination." *Id.* at 7.

Again, Juan's constitutional claim rests upon his continued detention without an individualized custody determination. *See* Pet. ¶ 56. If he has received an individualized custody determination, this Court cannot sit in review of the IJ's decision. *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citing 8 U.S.C. § 1226(e)). However, it appears that Juan is challenging whether that hearing took place at all, arguing that the record is "consistent with no formal court proceeding having been convened." Reply 3–4. But Juan's counsel fails to state: (1) whether he has spoken to his client, and whether the client denies or admits that a bond hearing was held, and (2) whether he spoke to Juan's immigration attorney listed on the September 5 IJ order, Robert Stein, to verify whether the hearing occurred. *See generally* Reply. Such first-hand recollections would be more helpful than the nuances of Respondents' recordkeeping to resolving the issue of whether the bond hearing took place.

Accordingly, the Court **ORDERS** that Juan **FILE** a supplemental brief, together with any pertinent evidence, specifying whether: (1) he denies receiving the September 5 bond hearing, and (2) whether the immigration attorney, Robert Stein, denies that the bond hearing occurred. Juan shall file his brief **<u>by no later than March 13, 2026</u>**.

**SO ORDERED**.

**SIGNED this 6th day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE