**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JORGE MIGUEL JUAN,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-454-KC** |
| | § | |
| **PAMELA BONDI et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## **ORDER**

On this day, the Court considered the case.  Juan filed a Petition for a Writ of Habeas

Corpus, ECF No. 1, arguing that his immigration detention is unlawful on constitutional grounds.

The Court ordered Respondents to show cause.  Feb. 18, 2026, Order 2, ECF No. 2.  In their

Response, ECF No. 3, Respondents stated that Juan received a bond hearing before an

immigration judge and that bond was denied due to flight risk on September 5, 2025.  The Court

ordered Juan to file a reply addressing the significance of the September 5 bond hearing.  Feb.

27, 2026, Order, ECF No. 4.

Juan filed a Reply, ECF No. 5, arguing that certain recordkeeping deficiencies

demonstrated that no hearing took place on September 5, but if one did, it was insufficient.  After

a careful review of the record, the Court ordered an additional response from Juan because

specific evidence would be more helpful than the nuances of Respondents' recordkeeping to

resolving the issue of whether the bond hearing took place.  Mar. 6, 2026, Order, ECF No. 6.

In the supplemental briefing, Juan's counsel uncovered an apparent scheme where an

immigration attorney, Robert Stein, "loosely" partnered with a retired Immigration and Customs

Enforcement agent, Pedro Torres, which led to Juan receiving inadequate representation in

immigration court.  Suppl. Br. ¶¶ 6–14.  Particularly, Juan's family contacted and paid $4,000 to Torres, whom the family believed was an attorney, to represent Juan in immigration proceedings at the outset of his current detention.  *Id.* ¶¶ 6–7, 10.  Torres prepared a notice of appearance in immigration court, which he provided to the family, purporting to have entered as counsel of record.  *Id.* ¶¶ 8–9.  In truth, however, that notice of appearance was never submitted to the immigration court.  *Id.* ¶¶ 8–9, 12.  Instead, Robert Stein entered as counsel of record, he appeared at the September 5 hearing, and waived Juan's right to an interpreter, without speaking to Juan and allegedly with no familiarity with Juan's case.  *Id.* ¶¶ 12–17.  This eventually led to Juan being denied bond at the hearing.  *Id.* ¶ 18.

These allegations are concerning, and may likely demonstrate ineffective assistance of counsel, at the least.  However, Juan's constitutional claim rests upon his continued detention without an individualized custody determination.  *See* Pet. ¶ 56.  He has received an individualized custody determination, and this Court cannot sit in review of the IJ's decision.  *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citing 8 U.S.C. § 1226(e)).  Although it appears that this custody determination may have been made without Juan having an opportunity to present evidence in his favor, Juan must pursue the issue of ineffective assistance of counsel administratively before this Court can consider an ineffective assistance claim under a habeas petition.  *See Goonsuwan v. Ashcroft*, 252 F.3d 383, 388–90 (5th Cir. 2001) ("Having established a procedure for review of ineffectiveness claims, the BIA should be given the first opportunity to correct any procedural errors committed during [a] hearing.  It is irrelevant that the procedural error . . .  is couched in terms of a due process violation.).  Petitioner does not indicate that he has sought a custody redetermination in immigration court on

ineffective assistance of counsel grounds, much less that such a request has been denied and that his administrative appeal rights have been fully exhausted.   *See generally* Pet.; Reply.

Accordingly, Juan's Petition, ECF No. 1, is **DENIED**.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 1st day of April, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

3